

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00435-CR

MARK DEWAYNE HALLCY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B18779-1104, Honorable Edward Lee Self, Presiding

July 22, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Mark Dewayne Hallcy plead guilty in an open plea proceeding to the state jail felony offense of possession of less than one gram of a controlled substance.[1] He appealed his conviction. His attorney has filed a brief in compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008). Agreeing with appointed counsel's conclusion the

---

[1] Tex. Health & Safety Code Ann. § 481.115(b) (West 2013).

record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In April 2011, appellant was indicted for the state jail felony offense of possession of a controlled substance in the amount of less than one gram, and in November 2013, he plead guilty to the trial court. The trial court admonished appellant, ensured his plea was entered knowingly, freely, and voluntarily, and explained the range of punishment.

After appellant entered his plea of guilty, a jury was impaneled to determine punishment. The State introduced, without objection, written plea papers that included a stipulation of evidence, a judicial confession and waiver of jury trial as to guilt-innocence, each bearing appellant's signature. The State also introduced evidence of appellant's prior felony convictions.

Appellant testified on his own behalf. He told the jury about his previous felony convictions, his receipt of his GED in prison and his successful completion of his parole after release. Appellant also testified he obtained his commercial driver's license and began work as a truck driver. Appellant further testified to his recent work history and his battle with depression following the death of his brother. He agreed with his counsel that he used the controlled substance to help him cope with his brother's death.

Following this testimony and argument of counsel, the jury assessed punishment against appellant at confinement in a state jail facility for a period of one year and imposed against him a fine of $2500. Appellant timely filed his notice of appeal.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case, appellant's plea of guilty, and the hearing before the jury concerning appellant's punishment. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *See Kelly v. State,* No. PD-0702-13, 2014 Tex. Crim. App. LEXIS 911 (June 25, 2014); *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant filed a response and we have considered it in our review.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State, 954* S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record, including appellant's response, to determine whether there are any arguable grounds

3

which might support the appeal. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.  TEX. R. APP. P. 43.2(b).

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* TEX. R. APP. P. 48.4.